The following opinion of
Bbevakd, J.,
*190 seems to contain the substance of the opinions delivered by all the , . . other judges.
Where a promissory note is payable on demand, the consideration is executed, and a precedent debt or duty is created. The ,, .. , . _ , debt and the promise exist at the same time In such case the bringing of the action is a sufficient request, and a tender of the money after action brought would be too late. If the plaintiff’s action did not accrue until after demand, a special demand, or notice, ought to have been averred in the declaration, as parcel of the contract, and must have been proved as matter of substance at the trial. If the promise had been of a collateral thing, and no duty< was created until demand, the omission of such an averment would be fatal, and the general averment of licet sope requisitas would not be sufficient. 1 Str. 88. 5 D. and E. 409. Doug. 679. Wiiles, 632. But no such averment was necessary in the present case. The debt was due at the time of the promise, and did not accrue upon demand, or notice. No actual request was necessary to entitle the plaintiff to bring his action; and, therefore, it was not necessary in pleading the statute of limitations to plead quod actio non accredit infra quatuor annos. Bull. N. P. 151. 1 Saund. 33, note by Wms. 2. The plea in this case was, that the defendant did not promise within four years, on which issue was taken. Requiring proof of a demand after the promise, was travelling out of the issue, and making the plaintiff’s .case depend upon a circumstance foreign to it. If it was necessary to prove a demand, it was necessary that it should have been averred in the declaration, and the omission of such an averment ought, or might have been taken advantage of by demurring. It might also have been taken advantage of by a motion in- arrest of judgment. But as it was not necessary to aver or prove a demand, no such advantages could be taken. The promise and the debt being co-existent, the act of limitations began to run from the time of the promise. The motion, however, is for a nonsuit, which, I think, cannot be granted. The issue was on a matter of fact, which either party might have claimed to try by a jury. The judge was to exercise his discretion in adjudging the point, and trying the fact. It appears to me the plaintiff was entitled to a decree.
It would now be too strict to say, that the court will not grant what the defendant has not applied for. The most attentive counsel may sometimes, in the hurry of business, on the circuit, and for want of time, mistake or neglect a point in his brief. Where this appears to be the case, and where justice *191 can be promoted without any material inconvenience, or 'embarrassment, I think the court may, and ought to supply the defect, and correct the error, or allow the same to be done; and especially, if the same should relate to a mere matter of form.